ON APPLICATION FOR REHEARING TO THE SUPREME COURT, STATE OF LOUISIANA
PER CURIAM.*
Rehearing granted. Upon further consideration, we now determine our action of June 13,1997 was in error.
Although the trial court stated its removal of Mr. Welsh was not based on any determination of fault, it is apparent that Mr. Welsh breached his duty as trustee as noted by the trial court by failing to timely file required accountings and attempting to dispose of trust assets. Such actions by Mr. Welsh are sufficient cause for his removal under Louisiana Revised Statutes 9:1789. As we stated in Succession of Dunham, 408 So.2d 888, 899 (La.1981):
... [R]eading the two articles together, it is clear that a succession representative cannot be removed because of a mere conflict of interest, but rather it must be shown that he has mismanaged the estate or breached one or more of his required duties.'” (emphasis added)
We recall our per curiam of June 13, 1997 and deny Mr. Welsh’s application for writs, leaving in place the judgment of the Fifth Circuit Court of Appeal which affirmed the trial court judgment removing him as trustee.
LEMMON and KIMBALL, J., would ^ant and docket.

 Knoll, J., not on panel. Rule IV, Part 2, § 3.