I,WALTZER, Judge.
Several beneficiaries of various trusts appeal a judgment appointing a trustee, and refusing to terminate the trusts.
STATEMENT OF FACTS AND HISTORY OF THE CASE
Will Gibbens died testate in 1976. His will established numerous trusts for his two daughters and grandchildren. His will also provided for successive trustees, his wife, his son-in-law, his daughters along with the Whitney National Bank and finally the Whitney alone. Specifically, his will stated,
I hereby appoint Florieda Batson Gib-bens, my wife, trustee for each of the aforesaid trusts, and in the event my wife predeceases me or refuses or be unwilling or unable to act at the time of my death or later, then I appoint as the successor trustee to my wife Joseph Y. Whealdon, my son-in-law, as sole successor trustee for each of the aforesaid trusts, and, in the event both my wife and son-in-law be dead or refuse or be unwilling or unable to act, then I appoint as the successor trustee to Joseph Y. Whealdon, my son-in-law, my daughters, Jean Gibbens Whealdon and Patricia Gibbens Whealdon, or the survivor, *893 along with the Whitney National Bank of New Orleans, New Orleans, Louisiana, as co-trustees or successive trustees, and in the event both of my said daughters be dead or refuse or be unable or unwilling to act, then I appoint as the sole trustee for each of the aforesaid trusts the Whitney National Bank of New Orleans, New Orleans, Louisiana.
Both Gibbens’ wife and his son-in-law are deceased, and the Whitney has declined to serve as trustee. Moreover, it is unclear from the record if either Jean | ¡Whealdon or Patricia Caffery, the set-tlor’s daughters, have qualified as trustees of the numerous trusts. However, several beneficiaries (the Whealdons) asked the court to appoint a third co-trustee to replace the Whitney. The trial court appointed Salvador Anzelmo as co-trustee for the Whealdon trusts. No one appealed that order. Anzelmo asked the court to appoint him co-trustee to replace the Whitney for the Caffery trusts, and the Caffer-ys asked the trial court to terminate the trusts. After hearing, the trial court granted Anzelmo’s motion, appointing him co-trustee for all of the trusts to replace the Whitney and denied the Cafferys’ motion, refusing to terminate the trusts. The Cafferys appeal this judgment.
ANZELMO’S APPOINTMENT AS TRUSTEE
On appeal, the Cafferys argue that the court-appointed trustee, the replacement for the Whitney, can not fulfill his fiduciary duties to the individual beneficiaries. They do not attack his qualifications as a trustee. Since several of the trusts’ beneficiaries are involved in litigation, the Caf-ferys contend that no individual can “administer the trust solely in the interest of the beneficiary.” LSA-R.S. 9:2082. For this reason, the Cafferys argue that Anzel-mo should be removed as co-trustee of the various Caffery trusts.
The record contains little evidence about the nature of the litigation between the various beneficiaries. Apparently, the Whealdons are unhappy with Hugh Caf-ferys administration of a voting trust created by Florieda Gibbens, wife of Will Gibbens Jr.[1] Conceding that a conflict exists between the various beneficiaries, we are unable to conclude that such a conflict necessitates removal of an otherwise qualified trustee. The record does not convince this court that Anzelmo is unable or unwilling to fulfill his fiduciary duties to the individual beneficiaries. In ^considering removal of a trustee for a potential conflict of interest, the Supreme Court stated, “it must be shown that he has mismanaged the estate or breached one or more of his required duties.” In re Mary Belsome Welsh Qualified Trust, 97-1042 (La.9/26/97); 701 So.2d 970, quoting Succession of Dunham, 408 So.2d 888, 889 (La.1981). Although conflict and hostility exist between the beneficiaries of the various trusts, we are not convinced that these struggles are attributable to the appointed trustee. The record does not convince us that Anzelmo is disqualified from serving as trustee of both the Caffery and the Whealdon trusts.
TERMINATION OF THE TRUSTS
The Cafferys also seek termination of the trusts, pursuant to LSA-R.S. 9:2026. This statute provides, in part,
The proper court may order the termination or modification of a trust, in whole or in part, if:
(1) The continuance of the trust unchanged would defeat or substantially impair the purposes of the trust.
(2) Except as otherwise provided by the terms of the trust, a trustee has determined that the market value of a trust is less than twenty-five thousand dollars and that, in relation to the costs of administration of the trust, the continuance of the trusts unchanged would *894 defeat or substantially impair the purposes of the trust.
LSA-R.S. 9:2026.
However, the trial court found the request to terminate the trust was “premature.” After reviewing the entire record, we find no reason to reverse the decision of the trial court.
CONCLUSION
For the above reasons, we affirm the judgment of the trial court.
AFFIRMED.
ARMSTRONG, J., dissents in part and concurs in part.
JONES, J., dissents.

. Voting trusts, as opposed to testamentary trusts, are governed by LSA-R.S. 12:78.