| .CHEHARDY, Judge.
This appeal arises out of a dispute between the beneficiaries of the Mary Bel-som Welsh Qualified Trust and the trustee. The beneficiaries are the children of the late Mary Belsom Welsh (Kevin A. Welsh, Robert T. Welsh, Clifford J. Welsh Jr., and Judy Welsh Graves, hereafter collectively called ‘Welsh Beneficiaries”) and the trustee was their father, Clifford J. Welsh Sr. (hereafter “Welsh Sr.”).
*1255 In 1992 two of the Welsh Beneficiaries filed a petition for an accounting by the trustee. They subsequently filed an amended petition seeking to remove Welsh Sr. as trustee. The trial court removed Welsh Sr. as trustee and appointed Hibernia National Bank as trustee. That decision was affirmed by this Court in an unpublished opinion. In re Mary Belsome Welsh Qualified Trust, 98-770 (La.App. 5 Cir. 3/25/97) (not designated for publication). Initially the supreme court granted writs and vacated the ruling, 97-1042 (La.6/13/97), 696 So.2d 549, but on rehearing the supreme court recalled the writ grant and denied the application, leaving in place the judgment which affirmed the trial court judgment removing Welsh Sr. as trustee. In re Mary Belsome Welsh Qualified Trust, 97-1042 (La.9/26/97), 701 So.2d 970.
| ¡¡Prior to his removal as trustee, Welsh Sr. had filed a petition for instructions under La. R.S. 9:2233, seeking directions from the court regarding disbursement, collection and classification of certain assets. Before the petition for instructions was brought to trial, the supreme court rendered its decision affirming Welsh Sr.’s removal as trustee. Welsh Beneficiaries filed a peremptory exception of lack of necessary or indispensable party (a trustee) in an attempt to bar trial of the petition for instructions. The trial court overruled the exception and the matter proceeded to trial. The trial court rendered judgment in favor of Welsh Sr. on all claims asserted in his petition for instructions. Welsh Beneficiaries have appealed.
Although the appellants raise numerous procedural and substantive issues, the threshold question arose while the appeal was pending. In the appellee’s brief, the appellee is listed as “Mable Dresel Welsh, Designated Executrix and Universal Legatee of the Succession of Clifford J. Welsh, Sr.” The appellee’s brief states that the Trust terminates upon the death of Welsh Sr. and mentions in a footnote, “Welsh, Sr. died September 23,1998.”
Subsequently, counsel for appellants informed this Court by letter that Clifford J. Welsh, Sr. died on September 23, 1998, that competing wills were filed in his succession which name different parties as executors of his estate and make different dispositions of the estate property, and that no executor or administrator had yet been qualified for his succession. The letter attached a copy of an olographic will dated May 10, 1992, in which Clifford J. Welsh Sr. left his residuary estate to his children, with a lifetime usufruct of the family home to his second wife, Mable, and named two of his sons as his executors. According to the letter and copy of order attached, the 1992 will was filed and admitted to probate.
Thereafter a Motion to Substitute Party Plaintiff was filed by Mable -D. Welsh (hereafter “Mrs. Welsh”), stating that by olographic will dated September 17, 1997 Clifford Welsh Sr. left the entirety of his estate to Mable D. Welsh and named her as testamentary executrix of his estate. In addition Mrs. Welsh stated that prior to the 1997 Holographic will Clifford Welsh Sr. had executed a statutory will in 1995, in which he made certain specific bequests, but left the residuary of his estate to Mable and named her as executrix. Mrs. Welsh asserts the succession is not currently under administration and no heirs and/or legatees have been placed in possession of any portion of the estate. Mrs. Welsh claims that she is the universal legatee of Clifford Welsh, Sr. and as such she is entitled to be substituted for him as appellee.
Following oral argument of the appeal, Mrs. Welsh filed an Amended Motion to Substitute Party Plaintiff and to Reset Oral Argument. In her amended motion Mrs. Welsh asserts that she has been recognized as executrix of Welsh Sr.’s succession and, as his succession representative, is entitled to be substituted in this proceeding.
*1256 Under La.C.C.P. Art. 821, the substitution of parties in an action pending in the supreme court or in a court of appeal is governed by the rules of the appellate court. Uniform Rules, Courts of Appeal, Rule 2-9, states, “The rules and procedures for substitution of parties provided by La.C.C.P. Arts. 801-807 shall regulate the substitution of parties.”
La.C.C.P. art. 801 provides for voluntary substitution for a deceased party by the legal successor:
When a party dies during the pen-dency of an action which is not extinguished by his death, his legal successor may have himself substituted for the deceased party, on ex parte written motion supported by proof of his quality.
As used in Articles 801 through 804, “legal successor” means:
(1) The survivors designated in Article 2315.1 of the Civil Code, if the action survives in their favor; and
(2) Otherwise, it means the succession representative of the deceased appointed by a court of this state, if the succession is under administration therein; or the heirs and legatees of the deceased, if the deceased’s succession is not under administration therein.
This is not an action arising under La. C.C. art. 2315.1, which establishes the survival action for recovery of damages arising out of an offense or quasi offense. | ¡¡Accordingly, pursuant to La.C.C.P. art. 801(2), the successor to Clifford Welsh .Sr. must be “the succession representative of the deceased appointed by a court of this state ... or the heirs and legatees of the deceased, if the deceased’s succession is not under administration therein.”
However, we are confronted with the admitted facts that there are several different alleged wills by Clifford Welsh Sr., that none of them have yet been proved in the district court, that no executor or administrator has been appointed for his succession, and that the wills each designate different dispositions of his property and name different legatees.
In a recent case the Fourth Circuit, confronted with a similar situation, refused to act on a motion to substitute parties. In that case, a personal injury action, the plaintiff died from causes unrelated to the accident at issue. His son moved in the appellate court to be substituted as plaintiff, but submitted no proof of his status as legal successor. As that court explained:
In his motion to substitute, Mr. Konneker, Jr. states that he is the decedent’s only child, but Mr. Konneker, Sr. testified at trial that he “had a bunch of kids.” In view of this conflicting evidence and the movant’s failure to furnish an affidavit of death and heirship, see, e.g., Austrum v. City of Baton Rouge, 282 So.2d 434, 438-39 (La.1973), we are unable to act on the motion to substitute. [Emphasis added.]
Konneker v. Sewerage & Water Bd. of New Orleans, 96-2197 (La.App. 4 Cir. 11/19/97), 703 So.2d 1341, 1343.
That case differed from this one in that it was a.personal injury action and thus subject to the survival provisions of La. C.C. art. 2315.1. Here, although Mable D. Welsh has submitted an affidavit of death and heirship, it is apparent from her motion and from the letter from appellants’ counsel that determination of the proper party to be substituted cannot be made based on the affidavit of death and heir-ship.
Under the circumstances here, we conclude the only proper action is to remand this matter until the trial court in the succession proceeding determines which will should be probated and issues an order either naming an executor or designating the decedent’s heirs or legatees. At that time the person(s) so named or designated may move to be [¡¡substituted as party plaintiff in this matter and the appeal may be refiled to determine the merits of the ruling on the accounting in this matter. The rights of all parties are reserved pending such action.
*1257 Accordingly, IT IS ORDERED that this matter is remanded until a determination of a proper party to substitute for the deceased appellee can be made. After a ruling by the district court in Succession of Clifford J. Welsh, Sr., No. 530-207, 24th Judicial District Court, Parish of Jefferson, State of Louisiana, determining who shall be the executor of the estate or designating the heirs and/or legatees of Clifford J. Welsh, Sr., the parties may refile the appeal in this matter. The rights of all parties in this matter are reserved pending such refiling of the appeal.

REMANDED.