STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-575


FREDDIE MOUTON, ET AL.

VERSUS

MORTON INTERNATIONAL, INC., ET AL.


**********


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 107329-D
HONORABLE WILLIAM D. HUNTER, DISTRICT JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of Marc T. Amy, Michael G. Sullivan, and James T. Genovese, Judges.


AFFIRMED.

Scott R. Bickford
Martzell & Bickford
338 Lafayette Street
New Orleans, LA   70130
(504) 581-9065
COUNSEL FOR DEFENDANT/APPELLEE:
        Martzell & Bickford

Edward Paul Landry
Landry, Watkins, Repaske & Breaux
Post Office Drawer 12040
New Iberia, LA   70562-2040
(337) 234-5921
COUNSEL FOR DEFENDANT/APPELLEE:
        Continental Casualty Company

**Patrick J. Hanna**
**Rabalais, Hanna & Hebert**
**701 Robley Drive, Suite 210**
**Lafayette, LA   70503**
**(337) 981-0309**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
  **Vernon Langlinais**
  **Sidney Martin**
  **Estate of Nelson Stelly**

**Michael C. Piccione, Sr.**
**Barry & Piccione**
**Post Office Box 53363**
**New Orleans, LA   70153**
**(504) 833-2228**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
  **Samuel Wright (Mouton)**
  **Darian Mouton**

**Scott C. Seiler**
**Charles B. Wilmore**
**Liskow & Lewis**
**One Shell Square, Suite 5000**
**701 Poydras Street**
**New Orleans, LA   70139-5099**
**(504) 581-7979**
**COUNSEL FOR DEFENDANT/APPELLEE:**
  **Morton International, Inc.**

**George H. Robinson, Jr.**
**Kyle P. Polozola**
**Liskow & Lewis**
**Post Office Box 52008**
**Lafayette, LA   70505-2008**
**(337) 232-7424**
**COUNSEL FOR DEFENDANT/APPELLEE:**
  **Morton International, Inc.**

**M. Suzanne Montero**
**320 Carrollton Avenue, Suite 200**
**New Orleans, LA   70119**
**(504) 483-4300**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
  **Succession of Freddie Mouton**
  **Dorothy Charles, Executrix**

**L. Clayton Burgess**
**Post Office Drawer 5250**
**Lafayette, LA   70502-5250**
**(337) 234-7573**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
**Teryha Mouton**
**Terrell Mouton**

AMY, Judge.

The original plaintiff in this case settled his case against the defendants prior to his death. After his death, his succession entered the litigation as the proper party plaintiff and caused the matter to be dismissed. Subsequently, two of the plaintiff's adult children had themselves substituted as proper party plaintiffs and filed a motion to vacate the dismissal. After a hearing, the trial court denied the motion to vacate the dismissal. The two adult children appeal. For the foregoing reasons, we affirm.

## Factual and Procedural Background

Freddie Mouton filed this suit for damages alleging that he contracted mesothelioma as a result of his previous work as a laborer and leak sealer at a Morton International, Inc. facility in the 1970s. Mr. Mouton named various Morton entities (Morton) as defendants. He also named Vernon Langlinais, Sidney Martin, and the Estate of Nelson Stelly, in their role as executive officers, as defendants, as well as their insurer, Continental Casualty Company (the executive defendants).

The record indicates that Mr. Mouton executed a "Receipt, Release, and Indemnification Agreement" with Morton on August 2, 2006, in which Mr. Mouton agreed to release and discharge Morton from all liability, claims, and causes of action in exchange for a lump sum payment and future uninsured medical expenses. On August 31, 2006, Mr. Mouton executed a similar, "Full and Final Release and Indemnity Agreement" with the executive defendants.

Mr. Mouton died September 1, 2006. Although the receipts and releases had been signed by Mr. Mouton, the lawsuit had not been dismissed by the date of his death. On September 15, 2006, Dorothy Charles, as executrix of Mr. Mouton's succession[1] filed an Ex Parte Motion to Substitute Parties in order to be named as Mr.

---

[1] Mr. Mouton's Last Will and Testament, entered into the record as an exhibit, lists Darian Mouton and Samuel Mouton as Mr. Mouton's two minor children, and designates that they are to

Mouton's legal successor. The motion provides that: "Freddie Mouton settled his lawsuit against Morton International, Inc., Vernon Langlinais, Sidney Martin, The Estate of Nelson Stelly and Continental Casualty Company and Dorothy Charles desires to be substituted as the proper party to conclude the matters, including filing motions to dismiss, pursuant to the settlement agreement." The trial court signed the order substituting Ms. Charles as the proper party plaintiff on September 19, 2006.

On September 20, 2006, the trial court entered orders granting motions to dismiss the matter with prejudice. Although the matter was not dismissed until *after* Ms. Charles was substituted as the proper party plaintiff, the motions and related orders, which were filed a few days prior to the September 19, 2006 substitution of parties, listed Mr. Mouton as the moving party rather than Ms. Charles. Notably, however, the motions for dismissal included the orders naming Ms. Charles as executrix of the succession.

After the dismissals, on October 11, 2006, two of Mr. Mouton's adult children, Terrell and Teryha Mouton, filed an Ex Parte Motion to Substitute Parties, asserting that Mr. Mouton had no surviving spouse and that they were "the beneficiaries and proper parties to pursue his survival action by operation of law under La.Civil Code art. 2315.1 and La.Code Civ. Proc. art. 801." The trial court signed the order

---

receive "their forced portion" of his estate in trust. Mr. Mouton's testament distributes the remainder of the estate as follows:

> I make the following special bequest from my disposable estate to my daughter TERYHA, I give my interest in the family home I shared with my former wife, her mother.
> I give the rest of my estate to the following individuals in the percentages indicated: my daughter TERYHA MOUTON (20%), my son TERRELL MOUTON (20%) my mother, AMELIA MOUTON (20%), my sister, DOROTHY CHARLES (20%); and my children, LOVONNE HEARST, and DEMARCUS BROWN (10% each).

substituting them as the proper party plaintiffs. Terrell and Teryha also filed a Motion to Vacate Dismissal, Request for Sanctions, and Request for Injunction.

Subsequently, Ms. Charles filed a Petition for Intervention reiterating her right to execute "the dismissals of this action following the settlement of same and to receive any settlement funds due pursuant to the settlement agreements executed by Freddie Mouton prior to his death." She further advanced the succession's interest, arguing that: "[w]hen Freddie Mouton died, this captioned matter had been settled and compromised and any La.C.C. art. 2315 tort action had been novated to a contractual right of Freddie Mouton to receive the settlement funds and a contractual obligation for Freddie Mouton to dismiss this above captioned cause of action." Terrell and Teryha responded to the Petition for Intervention with the filing of Peremptory Exceptions of No Right of Action and/or No Cause of Action.

The trial court heard Terrell and Teryha's motions and exceptions in December 2006 and ultimately denied the Motion to Vacate Dismissal, reviewing various articles of the Louisiana Civil Code and Louisiana Code of Civil Procedure. The trial court further found the Motion to Set Aside Receipt and Release and the Exception of No Right/No Cause of Action to be moot. The trial court denied the Request for Preliminary Injunction and dismissed the Request for Sanctions.

Terrell and Teryha appeal the denial of their Motion to Vacate Dismissal, assigning the following as error:

1. The trial court committed an error of law in relying on La.C.C.P. art. 685 instead of La. C.C. art. 2315.1 and La. C.C.P. art. 801 to determine whether or not Freddie Mouton's case was still pending at the time of his death and to determine the proper party plaintiff to proceed in that action.

2. The trial court committed an error of law in ruling that Freddie Mouton's case was not still pending at the time of the death

3

because the receipt and releases he signed were transactions and compromises under the law.

3.      The trial court committed an error of law in upholding the dismissals that were filed by Freddie Mouton, a deceased person.

## Discussion

Terrell and Teryha argue that the dismissals entered in this case were invalid and should have been dismissed as they are the proper party plaintiffs to pursue their father's tort suit pursuant to La.Civ.Code art. 2315.1 and La.Code Civ.P. art. 801.

Louisiana Civil Code Article 2315.1 provides, in part, as follows with regard to a survival action:

> A.      If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of:
>
> (1)      The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
>
> . . . .
>
> B.      In addition, the right to recover all damages for injury to the deceased, his property or otherwise, caused by the offense or quasi offense, may be urged by the deceased's succession representative in the absence of any class of beneficiary set out in Paragraph A.
>
> C.      The right of action granted under this Article is heritable, but the inheritance of it neither interrupts nor prolongs the prescriptive period defined in this Article.
>
> D.      As used in this Article, the words "child", "brother", "sister", "father", "mother", "grandfather", and "grandmother" include a child, brother, sister, father, mother, grandfather, and grandmother by adoption, respectively.

Furthermore, Louisiana Code of Civil Procedure Article 801 provides:

> When a party dies during the *pendency of an action* which is not *extinguished by his death*, his legal successor may have himself

4

substituted for the deceased party, on ex parte written motion supported by proof of his quality.

As used in Article 801 and 804, "legal successor" means:

(1)    The survivors designated in Article 2315.1 of the Civil Code, if the action survives in their favor; and

(2)    Otherwise, it means the succession representative of the deceased appointed by a court of this state, if the succession is under administration therein; or the heirs and legatees of the deceased, if the deceased's succession is not under administration therein.

(Emphasis added). Terrell and Teryha reference the emphasized language and argue that Mr. Mouton's action remained pending as it had not been dismissed at the time of his death. They also note Article 801(1)'s preferential ranking of the survivors designated in La.Civ.Code art. 2315.1 before the succession representative in defining legal successor. This argument lacks merit.

Article 801(1) requires that the action survive Mr. Mouton's death in their favor. In this case, it did not. Rather, the record indicates that Mr. Mouton's suit against Morton and the executive defendants was settled *prior* to his death. Additionally, given these settlements, the trial court had substituted the succession representative as the party plaintiff and, subsequently, entered dismissals in favor of the defendants.

Terrell and Teryha point to *Rainey v. Entergy Gulf States, Inc.*, 01-2414 (La.App. 1 Cir. 6/25/04), 885 So.2d 1193, *writs denied*, 04-1883, 04-1884 (La. 11/15/04), 887 So.2d 479 for the proposition that their father's action survived as it had not been dismissed at the time of his death. However, *Rainey* involved the distinctly different question of whether surviving children or a succession representative was the proper party plaintiff under Article 801 when a litigant died during the appeal of her personal injury suit. The first circuit was not faced with a

5

situation where a litigant's cause of action had been extinguished prior to his death due to a settlement.

Having considered Terrell and Teryha's arguments in light of the record, we find no error in the trial court's denial of the Motion to Vacate Dismissal.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this proceeding are assessed to the appellants, Terrell and Teryha Mouton.

**AFFIRMED.**