ROLAND L. BELSOME, Judge.
bin this personal injury case, the plaintiffs appeal the trial court’s dismissal with prejudice of defendants, U-Haul and Rep-west. The plaintiffs also take issue with the trial court’s refusal to rule on their petition for declaratory judgment before dismissing U-Haul from the lawsuit. For the following reasons, we affirm in part, reverse in part and remand for further proceedings consistent with this opinion.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Jeffrey Robinson was driving a rented U-Haul truck with two passengers when it collided with a FedEx delivery truck on North Claiborne Avenue, in New Orleans. Mr. Robinson was not insured but he allegedly purchased “risk-protection” from U-Haul as outlined in the rental agreement.
As a result of the accident, the occupants of the U-Haul truck, Mr. Robinson, Marvin Dabney and Martin Avilla, filed a personal injury lawsuit. The named defendants were: Colon Moisés, the driver of the FedEx truck; Evens Badiau Trucking, Inc., the owner of the FedEx truck; Protective Insurance Company, ^FedEx’s insurer; FedEx Custom Critical Inc.; and U-Haul Company of Louisiana. The plaintiffs’ petition alleged that the cause of the accident was the negligence of Mr. Moisés, who was driving the FedEx truck.
Mr. Moisés, Evens, Protective, and FedEx attempted to remove the suit to the Eastern District of Louisiana (EDLA) based on the premise that U-Haul was improperly joined as a non-diverse defendant. However, the EDLA remanded the matter back to state court.
In state court, the plaintiffs amended their petition alleging Repwest Insurance Company,[1] U-Haul’s insurer and provided uninsured/underinsured motorist coverage for Mr. Robinson. Thereafter, U-Haul filed an exception of no cause of action, and Repwest filed a motion for summary judgment. In response, the plaintiffs filed a petition for declaratory judgment seeking a declaration that U-Haul’s rental agreement with Mr. Robinson provided liability and UM protection. After a hearing, the trial court granted Repwest’s motion for summary judgment, and U-Haul’s exception of no cause of action. There was no ruling on the plaintiffs petition for declaratory judgment. Though the plaintiffs filed a request, the trial court did not issue *1110 written reasons for judgment. This appeal followed.

DISCUSSION

On appeal, the plaintiffs raise three principal assignments of error: 1) the trial erred in granting summary judgment in favor of Repwest; 2) the trial court erred in granting U-Haul’s exception of no cause of action; and 3) the trial court |serred in granting U-Haul’s exception without first hearing the plaintiffs petition for declaratory judgment.

SUMMARY JUDGMENT

First, the plaintiffs assert that the trial court erroneously granted Repwest’s motion for summary judgment. In particular, they maintain that Repwest failed to establish that there was no genuine issue of material fact by offering only an unsubstantiated affidavit.
We review the trial court’s granting of a motion of summary judgment de novo using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. Fleming v. Hilton Hotels Corp., 99-1996, p. 2 (La.App. 4 Cir. 7/12/00), 774 So.2d 174, 176. At the time of the hearing on the motion for summary judgment, Louisiana Code of Civil Procedure article 966 provided that summary judgment shall be granted “if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” The burden of proof is on the movant. La. C.C.P. art. 966(C). However, if the mov-ant does not bear the burden of proof at trial, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support |4sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2).
In its motion for summary judgment, Repwest asserted that it was entitled to summary judgment and dismissal because it did not issue a “policy of liability insurance nor any coverage including uninsured/underinsured motorist coverage insuring U-Haul Co. of Louisiana and/or Jeffrey J. Robinson.” It further argued that since it did not issue a policy of liability or UM coverage, it was not susceptible to Louisiana’s Direct Action Statute. We agree.
Repwest attached the affidavit of its representative, David Benyi, in support of its motion for summary judgment. In the affidavit, Mr. Benyi revealed that he had “knowledge of the policies and procedures of Repwest,” and that he was “familiar with the facts and circumstances of the subject matter of this litigation.” He further stated that:
Repwest Insurance Company did not issue any policy of liability insurance insuring U-Haul Co. of Louisiana, the U-Haul rental vehicle being driven by Jeffrey R. Robinson and/or Jeffrey R. Robinson at the time of the incident which is the subject of this litigation. As such, it did not provide uninsured/underinsured motorist coverage to petitioners.
He further explained that Repwest’s only function was to handle claims on behalf of U-Haul.
In their opposition, the plaintiffs attached the federal remand order, the U-Haul rental agreement, and four pages from Mr. Robinson’s deposition testimony. However, none of the plaintiffs’ evidence indicates that Repwest insured U-Haul or Mr. Robinson.
*1111 IsAfter a hearing, the trial court found that the plaintiffs “faded to offer any countervailing evidence to contradict Repwest’s position. Therefore, it found “there was no genuine issue of material fact as to the lack of liability insurance or UM coverage issued by Repwest in this matter to U-Haul Company of Louisiana and/or plaintiff.”
Given that Repwest submitted an affidavit based on personal knowledge reflecting that it did not provide insurance in this case, we find that it met its burden of proof. Since the plaintiffs failed to produce factual support sufficient to establish that they will be able to satisfy their evi-dentiary burden of proof at trial, there is no genuine issue of material fact. Accordingly, the summary judgment is affirmed.

NO CAUSE OF ACTION

Second, the plaintiffs assert that the trial court erred in granting U-Haul’s exception of no cause of action. The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition. La. C.C.P. arts. 927, 931; Owens v. Martin, 449 So.2d 448 (La.1984). In ruling on an exception of no cause of action, a court is generally limited to considering the petition and the documents attached thereto. An exception has been recognized when evidence is introduced without objection; under this exception, “the pleadings are expanded, at least for the purposes of the exception.” 1 Frank L. Maraist and Harry T. Lemmon, Louisiana Civil Law Treatise: Civil Procedure § 6:7 (2d ed. 2012). Such is the case here, where the entire record was introduced without objection.
In the petition, the plaintiffs name U-Haul as a liability insurer, yet the insured driver of the U-Haul, Mr. Robinson, was not named as a defendant in this case, and the petition contains no allegation that he was negligent. Also, in the | ^memorandum in opposition to U-Haul’s exception, the plaintiffs raise the issue of whether U-Haul’s policy provided UM coverage in the case of an excess judgment; however, FedEx’s insurance declarations page reflects, and the plaintiffs’ counsel conceded at the hearing on the exception, that the damages will not exceed FedEx’s policy limits. After considering the pleadings and evidence, admitted without objection, in this matter, it is clear that the plaintiffs have failed to state a cause of action against U-Haul, as an insurer. Therefore, the trial court judgment sustaining U-Haul’s exception of no cause of action is affirmed.
Nevertheless, where a plaintiff may be able to remove the grounds of the defendant’s peremptory exception so as to properly state a cause of action, he should be afforded an opportunity to amend the petition. Massiha v. Beahm, 07-137 (La.App. 4 Cir. 8/15/07), 966 So.2d 87, 89. La. C.C.P. art. 934[2] requires that the trial court allow a plaintiff the opportunity to amend their petition to cure defects. Since there are additional facts that may be pleaded, which may support a cause of action against U-Haul, the trial court erred in dismissing U-Haul without first ordering the plaintiffs to amend their petition.[3] Accordingly, the trial court’s order *1112 dismissing U-Haul with prejudice is reversed and the matter is remanded for further proceedings consistent with this opinion.

DECLARATORY JUDGMENT

Finally, the plaintiffs’ argue that the trial court erred in granting U-Haul’s exception without first hearing the plaintiffs petition for declaratory judgment. |7Given that we reversed U-Haul’s dismissal and that the plaintiffs’ petition for declaratory judgment is still pending, we pretermit ruling on the issue as it is premature.

EX PARTE MOTION TO SUBSTITUTE PROPER PARTY AS PLAINTIFF

Counsel for Mr. Robinson filed an Ex Parte Motion to Substitute Proper Party Plaintiff with this Court on April 15, 2015, because Mr. Robinson passed away on November 11, 2014.
Rule 2-9 of the Uniform Rules, Courts of Appeal provides that “[t]he rules and procedures for substitution of parties provided by LSA-C.C.P. Arts. 801-807 shall regulate the substitution of parties.” However, as we are without enough evidence to determine the proper party and have remanded this matter to the trial court for further proceedings consistent with this opinion, we leave the determination of the proper parties for the trial court on remand. See In re Mary Belsom Welsh Qualified Trust, 98-713 (La.App. 5 Cir. 5/19/99), 733 So.2d 1254.

DECREE

For these reasons, the trial court judgment granting Repwest’s motion for summary judgment and U-Haul’s exception of no cause of action is affirmed. However, we reverse the trial court’s dismissal with prejudice of U-Haul without first ordering an amendment of the petition. Therefore, the matter is remanded for further proceedings consistent with this opinion.
LOVE, J„ CONCURS IN PART AND DISSENTS IN PART AND ASSIGNS REASONS
I concur with the results reached by the majority except the finding that the Plaintiffs did not state a cause of action. I respectfully dissent from the majority’s conclusion that the Plaintiffs failed to initially state a cause of action, but would also allow the opportunity to amend pursuant to La. C.C.P. art. 934.
The Plaintiffs filed suit against U-Haul in its alleged capacity as Mr. Robinson’s “vehicle liability insurer under a written rental contract.” Therefore, if FedEx’s insurance does not cover all of the Plaintiffs’ damages for some reason, as determined by the factfinder after a trial on the merits, then the uninsured/underinsured coverage allegedly purchased from U-Haul[1] by Mr. Robinson, could indeed be utilized. Further, the trial court sustained U-Haul’s exception of no cause of action partially because no claim was asserted “to date” to hold U-Haul liable for contractual liability. I find that the Plaintiffs’ original Petition for Damages stated a cause of action against U-Haul.
“When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court.” La. C.C.P. art. 934. “The decision to allow amendment is within the trial court’s discretion.” Insulation Technologies, Inc. v. Industrial Labor and Equipment Services, Inc., 13-0194, p. 9, (La.App. 4 Cir. 8/14/13), 122 So.3d 1146, 1152. “The right to amend is not absolute”, as “[ajmendment is not permitted when it would constitute a vain and useless act.” Smith v. State Farm Ins. Cos., 03-1580, p. 6 (La.App. 4 Cir. 3/3/04), *1113 869 So.2d 909, 913. While I find that the Plaintiffs’ original Petition for Damages stated a cause of action against U-Haul as Mr. Robinson’s alleged insurer, the infancy of the litigation supports the conclusion that additional claims, such as negligence on the part of Mr. Robinson, could be pled with an amendment and would not “constitute a vain and useless act.” Therefore, I find that the trial court erroneously granted U-Haul’s exception of no cause of action and abused its discretion in not ordering an amendment. See La. C.C.P. art. 934.

. Repwest was mistakenly named Republic Western Insurance Company in the amended petition.

. La. C.C.P. art. 934 states: ‘'[w]hen the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court.”

. Since additional claims, such as negligence on the part of Mr. Robinson, could be pled in the amended petition, allowing the plaintiffs to amend would not constitute a vein in useless act. See Smith v. State Farm Ins. Cos., 03-1580, p. 6 (La.App. 4 Cir. 3/3/04), 869 So.2d 909, 913 (Amendment of pleadings "is not permitted when it would constitute a vain and useless act.”).

. U-Haul contends that it is self-insured.