# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

DARRELL COMEAUX AND CARMEN
COMEAUX, INDIVIDUALLY AND ON
BEHALF OF THE ESTATE OF AMIE
COMEAUX

VERSUS

STATE OF LOUISIANA, STATE OF
LOUISIANA THROUGH THE
DEPARTMENT OF TRANSPORTATION
AND DEVELOPMENT

CONSOLIDATED WITH

IDA WATTIGNEY AND EVA
FRANCOIS, AS DAUGHTER OF IDA
WATTIGNEY

VERSUS

STATE OF LOUISIANA, STATE OF
LOUISIANA THROUGH THE
DEPARTMENT OF TRANSPORTATION
AND DEVELOPMENT

**SEPTEMBER 10, 2024**

---

In Re:    Darrell Comeaux and Carmen Comeaux on behalf of the
          Estate of Amie Comeaux and Ida Wattigney and Eva Francois
          as daughter of Ida Wattigney, applying for supervisory
          writs, 19th Judicial District Court, Parish of East
          Baton Rouge, No. 456518 c/w 456545.

---

**BEFORE:   GUIDRY, C.J., WELCH AND LANIER, JJ.**

**WRIT GRANTED IN PART WITH ORDER AND DENIED IN PART.**  On May 1, 2024, the district court granted defendants' motion for partial summary judgment dismissing with prejudice "[a]ll claims for loss of support or lost business income" asserted by or on behalf of plaintiff, "Carmen Comeaux".  However, the parties concede that Carmen died in 2006.  There is no indication from the writ application or the judgment that a proper party plaintiff was substituted for Carmen Comeaux prior to the district court's May 1, 2024 judgment.  Upon the death of a litigant, a proper party plaintiff must be substituted to allow the action to continue. **Foster v. State, Dep't of Health & Hosps.**, 2009-0806 (La. App. 1st Cir. 10/27/09) 2009 WL 3460685, *1.  A judgment rendered for or against a deceased party is an absolute nullity.  **Id.** (citing **Rainey v. Entergy Gulf States, Inc.**, 2001-2414 (La. App. 1st Cir. 6/25/04), 885 So.2d 1193, 1197, writs denied, 2004-1878, 1883, & 1884 (La. 11/15/04), 887 So.2d 478, 479 & 479).  Therefore, the portion of the district court's May 1, 2024 judgment dismissing claims of Carmen Comeaux is null and is vacated.

The portion of the district court's May 1, 2024 judgment granting the motion for partial summary judgment and dismissing without prejudice the Estate of Amie Comeaux as a party plaintiff is an appealable judgment. See La. Code Civ. P. art. 1915(A)(1). Thus, the writ application is granted for the limited purpose of

remanding this matter to the district court with instructions to grant an appeal to plaintiff, the Estate of Amie Comeaux, pursuant to its notice of intent to apply for supervisory writs. See **In re Howard,** 541 So.2d 195, 197 (La. 1989) (per curiam).  Additionally, a copy of this court's order is to be included in the appellate record.

In all other respects, the writ is denied.

**JEW**
**WIL**

**Guidry, C.J.,** concurs in part and dissents in part.  I concur with the portions of the action granting the writ.  However, I dissent in part from the denial of the writ with respect to the parents' loss of support claim.  All of the cited cases requiring proof of prior support by an adult child are distinguishable in that those cases do not involve a circumstance where an adult child contractually committed to supporting his or her parents. Understandably, evidence of pre-death financial support is typically needed to justify or validate a parent's claim of future support by an adult child.  But the mere lack of pre-death support, *in this case,* should not be held to refute express evidence—in the form of a contractual agreement—that future financial support could validly be expected in accordance with the terms of the contract.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT