959 So.2d 969 (2007)
Francois SINGLETON
v.
Tim WILKINSON, Warden, Winn Correctional Center; Richard Stalder, Secretary, Department of Public Safety and Corrections.
No. 2006 CA 0637.
Court of Appeal of Louisiana, First Circuit.
February 14, 2007.
Francois Singleton, Winnfield, Counsel for Plaintiff/Appellant Francois Singleton.
William L. Kline, Baton Rouge, Counsel for Defendant/Appellee Department of Public Safety and Corrections.
Before: PETTIGREW, DOWNING, and HUGHES, JJ.
HUGHES, J.
This is an appeal by plaintiff, Francois Singleton, from a November 2, 2005 judgment of the 19th Judicial District Court. The judgment affirmed the decision of the Department of Public Safety and Corrections for the State of Louisiana to uphold a forfeiture of 180 good time days, a penalty imposed on Mr. Singleton by Corrections Corporation of America personnel, which is the private administrator of the Winn Correctional Center where Mr. Singleton is an inmate. We reverse and remand with instructions.

FACTS AND PROCEDURAL HISTORY
On or about August 12, 2004 Francois Singleton, an inmate at Winn Correctional Center, was involved in an incident that led to a disciplinary hearing on that day, at which Mr. Singleton pled guilty to a violation of Department of Public Safety and Corrections (DPSC) Disciplinary Rule # 3, Defiance. The incident report is dated October 9, 2004 and seems to have been signed by a Disciplinary Board Chairman, identified by Mr. Singleton as "Carl Coleman," and a Disciplinary Board Member, "E. Child." The report indicates that Mr. Singleton's penalty entailed an upgrade to *970 maximum custody status and forfeiture of 180 good time days. Mr. Singleton appealed unsuccessfully within the DPSC and then to the 19th Judicial District Court, where a judgment handed down on November 2, 2005 affirmed for the DPSC.
Mr. Singleton appeals this judgment, arguing that when the prison disciplinary board, comprised of employees of the private entity Corrections Corporation of America (CCA) rather than DPSC personnel, imposed his forfeiture of good time, it exceeded its authority under La. R.S. 39:1800.5, which bars delegation of the State's power to set inmate sentences to outside contractors.

LAW AND ANALYSIS

Standard of Review
Inmate lawsuits challenging DPSC rulings are governed by La. R.S. 15:1177(A), which provides for de novo judicial review of agency actions and reads in pertinent part:
(8) The court may affirm the decision of the agency or remand the case for further proceedings, or order that additional evidence be taken.
(9) The court may reverse or modify the decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(a) In violation of constitutional or statutory provisions.
(b) In excess of the statutory authority of the agency.
(c) Made upon unlawful procedure.
(d) Affected by other error of law.
(e) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
(f) Manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by firsthand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.
At issue here is whether the 19th Judicial District Court erred in affirming the DPSC decision to uphold the CCA disciplinary board's imposition of forfeiture of Mr. Singleton's good time. If so, the court may have allowed a violation of La. R.S. 39:1800.5, known as the Louisiana Corrections Private Management Act. The statute provides in pertinent part:
No contract for correctional services shall authorize, allow, or imply a delegation of authority or responsibility to a prison contractor for any of the following:
* * *
(5) Granting, denying, or revoking sentence credits.
The contract between CCA and the State supplements the statute in Section 5.21, entitled "Good Time":
Contractor shall provide specific information to the State for the purposes of award or forfeiture of good time. The final decision on awarding or forfeiture of good time rests with the State, although Contractor shall be responsible for providing information as to performance and behavior of inmates.
As DPSC has not provided a brief in this manner, we refer to the DPSC Commissioner's Report in the record, which claims that CCA's practice of imposing good time forfeitures does not violate the statute because (1) the appeal process allows the inmate to have a State official render the "final decision" in a matter and *971 (2) the State is indeed engaged at the facility level through the presence at Winn Correctional Center of "a full time state employee, Rodney Slay . . . to recalculate good time, when necessary." The DPSC's "First Step Response" to Mr. Singleton's appeal fleshes out Mr. Slay's role in this process: "He is at Winn Correctional Center twice a week, reviewing and initialing all disciplinary reports. . . ."
Concerning the first point, the Commissioner's Report states that its interpretation of the "final decision" remaining in the hands of the State through the administrative appeals process has been upheld "in every case" in the many times it has been raised in the 19th Judicial District Court. But the Commissioner's Report fails to cite a single case that provides judicial authority for this position. We note that the DPSC's "First Step Response" to Mr. Singleton's appeal quotes a 19th Judicial District Court case titled Garcia v. Hubert, but this case has not been reported. Our research has not uncovered a single case in Louisiana jurisprudence that supports the DPSC's interpretation of the CCA contract and La. R.S. 39:1800.5. As noted above, DPSC has not responded to Mr. Singleton's appeal with a brief of its own, thus, this court has been given no authority or basis upon which to accept the DPSC's interpretation, even if the policy of having the CCA staff "impose" sentences subject to approval by DPSC personnel makes sense on a practical level.
The DPSC's second point goes to the application of this policy. While it is understandable that for practical purposes, Mr. Slay or a similarly situated and experienced DPSC employee may not be present at each and every CCA inmate disciplinary hearing, the system in place should ensure that DPSC oversight of such proceedings be consistent and clearly delineated by the presence of a DPSC official's initials on each disciplinary report that is reviewed. In this regard, the language quoted above from the DPSC's First Step Response bears repeating: "He [Mr. Slay] is at Winn Correctional Center twice a week, reviewing and initialing all disciplinary reports." Additionally, the DPSC's "Second Step Response" to Mr. Singleton states: "Mr. Slay, a full time DOC employee, reviews all disciplinary actions by the CCA staff."
We do not necessarily disagree with this policy, but we note that the copy of Mr. Singleton's disciplinary report in the record is of poor quality and it is not at all clear to this court that Mr. Slay or any other DPSC official reviewed the CCA disciplinary officials' decision to forfeit Mr. Singleton's good time days. It is thus not clear from the record that the necessary DPSC oversight and approval required to validate the CCA officials' decision imposing forfeiture of Mr. Singleton's good time days pursuant to La. R.S. 39:1800.5 has occurred.
Based on the record, we cannot conclude that the DPSC's affirmation of the CCA officials' imposition of Mr. Singleton's loss of good time days was in compliance with the statutory provisions of La. R.S. 39:1800.5, pursuant to La. R.S. 15:1177(A)(9)(a). We reverse the judgment of November 2, 2005 and remand to the 19th Judicial District Court with instructions to either (1) order additional evidence that may clarify whether Mr. Slay approved Mr. Singleton's sentence or (2) to remand the matter to DPSC for further proceedings pursuant to La. R.S. 15:1177(A)(8).

CONCLUSION
For the above and foregoing reasons, the November 2, 2005 judgment in this matter is reversed. We remand to the 19th Judicial District Court for further *972 proceedings commensurate with this decision. Costs in the amount of $404.81 will be assessed against the Department of Public Safety and Corrections.
REVERSED AND REMANDED.