PETTIGREW, J.
 

 | aThis is an appeal by defendant, the Department of Public Safety and Corrections for the State of Louisiana (“DPSC”), from a September 9, 2008 judgment of the 19th Judicial District Court. Among other things, the judgment ordered the restoration of 540 days of good time credits to plaintiff, Robert Armant, and the recalculation of Mr. Armant’s good time release date in accordance with the findings of the court. For the reasons that follow, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 At all time pertinent hereto, Mr. Armant was an inmate at Winn Correctional Center in Winnfield, Louisiana. In June 2007, Mr. Armant filed a request for relief pursuant to La. R.S. 15:1177 seeking judicial review of the final agency decision rendered under Administrative Remedy Procedure No. WNC-2006-1485. Mr. Armant
 
 *622
 
 alleged his good time had been improperly taken without authority by a private prison contractor in violation of the requirements of La. R.S. 39.T800.5, which provides as follows:
 

 No contract for correctional services shall authorize, allow, or imply a delegation of authority or responsibility to a prison contractor for any of the following:
 

 (1) Development and implementation of procedures for calculating inmate release and parole eligibility dates.
 

 (2) Development and implementation of procedures for calculating and awarding sentence credits.
 

 (3) Approval of inmates for furlough and work releases.
 

 (4) Approval of the type of work inmates may perform and the wages or sentence credits which may be given the inmates engaging in such work.
 

 (5) Granting, denying, or revoking sentence credits.
 

 According to the record before us, when this matter was initially before the Commissioner on October 4, 2007, DPSC was ordered to supplement the record with a copy of Mr. Armant’s master prison record to prove whether he was eligible for good time. DPSC complied with said order. On February 6, 2008, the Commissioner remanded the matter to DPSC to address whether the forfeiture of good time at issue had been approved by an employee of DPSC. In response thereto, DPSC submitted a copy of the|3disciplinary report in question and the affidavit of Elizabeth Tig-ner, a full-time employee of DPSC. Ms. Tigner stated in her affidavit that she “visits Winn Correctional Center each week whereby she reviews and initials all disciplinary reports.” Ms. Tigner further indicated that the initials on the disciplinary report at issue were her own and that “no employee of the private prison contractor can either award or deduct good time credits.”
 

 The next minute entry in the record is from May 27, 2008, at which time Mr. Armant, appearing in proper person, and counsel for DPSC were both present for a hearing on Mr. Armant’s petition for judicial review. During the hearing, Mr. Ar-mant “moved to expand the pleadings by way of request for production of documents.” According to the record, the matter was argued by the parties, submitted to the Commissioner, and granted. DPSC was ordered to produce all of Mr. Ar-mant’s disciplinary reports generated at Winn Correctional Center since December 2000 to the present where good time had been taken. DPSC responded with twelve disciplinary reports where a loss of good time was imposed as a disciplinary penalty. In connection with the twelve reports, DPSC maintained that all but two of the reports, an October 6, 2007 report and a report dated October 9, 2001, had been clearly signed and/or initialed by a full-time DPSC employee.
 
 [1]
 

 After reviewing all twelve reports, the Commissioner found two other reports that contained illegible notations. The Commissioner ultimately concluded that Mr. Armant was entitled to the restoration of 540 days of good time credits as follows:
 

 On February 6, 2008 this matter was remanded to the Department to address whether the Department had approved
 
 *623
 
 the petitioner’s loss of good time at issue. The Department responded with 12 disciplinary reports where a loss of good time was imposed as a disciplinary penalty. The defendants acknowledge that two of the reports do not contain any form of notation to show an employee of the Department approved the loss of good time in those particular matters. The defendants contend good time was not yet taken in an October 6, 2007 report and a report dated October 9, 2001 contains no initials or notation to indicate the loss of good time had been approved by the Department. However, this Commissioner additionally finds the disciplinary reports dated October 3, 2001 and June |410, 2001 contain illegible notations to identify the Department’s employee who approved the loss of good time or the date of the approval of the loss of good time.
 

 The defendants are unable to present proof regarding the following three disciplinary incident reports to show an employee of the Department approved the taking of good time as a penalty in these particular disciplinary matters:
 

 October 9, 2001 — 180 days good time credit taken as a penalty
 

 October 3, 2001 — 180 days good time credit taken as a penalty
 

 June 10, 2001— 180 days good time credit taken as a penalty
 

 As no good time was taken on the [October 6, 2007] incident report, no good time should be restored. However, the defendants offered no basis for the delay in the approval of the loss of good time imposed on the [October 6, 2007] disciplinary report. The Department should not be allowed to go back at this point in these proceedings, after the petitioner has challenged the manner in which his .good time was taken, and actually take the 150 days of good time credits imposed as a prior disciplinary penalty. This Commissioner finds the petitioner is entitled to the restoration of 540 days of good time credits in this matter.
 

 Accordingly, it is the recommendation of this Commissioner that the final agency decision rendered in this matter be reversed as an abuse of discretion and manifestly erroneous pursuant to R.S. 15:1177(A)(9). The defendants should be ordered to recalculate the petitioner’s good time release date in accord with the findings of this recommendation within thirty days of the signing of a judgment in this matter.
 

 On September 9, 2008, the district court signed a judgment adopting the Commissioner’s recommendation and reasons as its own. It is from this judgment that DPSC has appealed, assigning the following specifications of error:
 

 1. It is an error of law for the District Court to interpret LSA-R.S. 39:1800.5 and this Court’s decision in
 
 Singleton
 
 so as to require initials by a state employee on any disciplinary report issued by a private prison contractor for that report to be considered a valid forfeiture of good time.
 

 2. It is an error of law for the District Court to interpret this Court’s decision in
 
 Singleton
 
 so as to allow review of every disciplinary report ever issued to a particular inmate within one (1) suit for judicial review.[
 
 2
 
 ]
 

 
 *624
 
 [.DISCUSSION
 

 On appeal, DPSC argues that this court’s decision in
 
 Singleton v. Wilkinson,
 
 2006-0637 (La.App. 1 Cir. 2/14/07), 959 So.2d 969, merely requires approval by DPSC of any loss of good time that is recommended by a private prison contractor. DPSC maintains that
 
 Singleton
 
 is void of any language stating that the initials of a state employee must appear on each disciplinary report from a private prison contractor in order for the report to be valid. Rather, DPSC asserts this court in
 
 Singleton
 
 merely found that one acceptable method for DPSC to approve a loss of good time recommended by a private prison contractor was for a state employee to initial the report and thereby approve the good time forfeiture. We disagree with DPSCs interpretation of our holding in
 
 Singleton.
 

 In Singleton,
 
 petitioner, an inmate at Winn Correctional Center, challenged an action by DPSC whereby petitioner was penalized for an act of defiance with an upgrade to maximum custody status and forfeiture of 180 good time days. Petitioner argued that because the prison disciplinary board, comprised of employees of the private entity Corrections Corporation of America (“CCA”) rather than DPSC personnel, imposed his forfeiture of good time, it exceeded its authority under La. R.S. 39:1800.5.
 
 Singleton,
 
 2006-0637 at 2, 959 So.2d at 969-970. After review of the Commissioner’s report and the evidence in the record, this court reversed the district court’s judgment, which had affirmed the decision of DPSC to uphold petitioner’s loss of good time, noting as follows: Winn
 

 While it is understandable that for practical purposes, Mr. Slay or a similarly situated and experienced DPSC employee may not be present at each and every CCA inmate disciplinary hearing, the system in place should ensure that DPSC oversight of such proceedings be consistent and clearly delineated by the presence of a DPSC official’s initials on each disciplinary report that is reviewed. In this regard, the language quoted above from the DPSC’s First Step Response bears repeating: “He [Mr. Slay] is at Winn Correctional Center twice a week, reviewing and initialing all disciplinary reports.” Additionally, the DPSCs “Second Step Response” to Mr. Singleton states: “Mr. Slay, a full time DOC employee, reviews all disciplinary actions by the CCA staff.”
 

 We do not necessarily disagree with this policy, but we note that the copy of Mr. Singleton’s disciplinary report in the record is of poor quality and it is not at all clear to this court that Mr. Slay or any other DPSC official reviewed the CCA disciplinary officials’ decision to forfeit Mr. [ fiSingleton;s good time days. It is thus not clear from the record that the necessary DPSC oversight and approval required to validate the CCA officials’ decision imposing forfeiture of Mr. Singleton’s good time days pursuant to La.R.S. 39:1800.5 has occurred.
 

 Singleton,
 
 2006-0637 at 5-6, 959 So.2d at 971 (emphasis added). Thus, it is clear from our holding in
 
 Singleton
 
 that when private prison contractors impose sentences on inmates at disciplinary hearings, there must be oversight and approval by DPSC, “clearly delineated by the presence of a DPSC official’s initials on each disciplinary report that is reviewed,” in order
 
 *625
 
 to satisfy the statutory provisions of La. R.S. 39:1800.5.
 

 As in
 
 Singleton,
 
 it is not clear from the record before us that the necessary DPSC oversight and approval required to validate the private prison contractor’s decision imposing forfeiture of Mr. Armant’s good time days pursuant to La. R.S. 39:1800.5 has occurred. Thus, we find no error in the district court’s judgment, ordering the restoration of 540 days of good time credits to Mr. Armant and the recalculation of Mr. Armant’s good time release date in accordance with the recommendation of the Commissioner.
 

 CONCLUSION
 

 For the above and foregoing reasons, we affirm the September 9, 2008 judgment of the district court. Appeal costs in the amount of $665.50 are assessed against DPSC.
 

 AFFIRMED.
 

 [1]
 

 . With regard to the October 6, 2007 report, DPSC indicated that no good time forfeiture had been imposed because the report had not yet been reviewed by Ms. Tigner. Concerning the October 9, 2001 report, DPSC noted that although the report was never initialed by a DPSC employee, it involved the loss of 180 days of good time, a sentence that was indeed imposed.
 

 [2]
 

 . We note no objection in the record by counsel for DPSC to Mr. Armant's motion to expand the pleadings or to the Commissioner's ruling granting same. Failure to object deprives the district court, or in this case the Commissioner, of the opportunity to correct a contested ruling and constitutes waiver of the issue on appeal. La.Code Civ. P. art. 1635;
 
 Martin v. Martin,
 
 44,020, p. 5 (La.App. 2 Cir. 12/3/08), 3 So.3d 512, 515.
 
 See also Schoon-
 
 
 *624
 

 maker v. Capital Towing Co.,
 
 512 So.2d 480, 486 (La.App. 1 Cir.),
 
 writ denied,
 
 514 So.2d 458 (La.1987). Thus, as this issue has not been properly preserved for appellate review, we will pretermit discussion of same.