STEVEN ABNEY,
v.
MONA HEYSE, ARP SCREENING OFFICER; TIM WILKINSON, WARDEN AND JAMES LEBLANC, SECRETARY OF CORRECTIONS.
No. 2009 CA 1581.
Court of Appeals of Louisiana, First Circuit.
March 26, 2010.
Not Designated for Publication
STEVEN ABNEY, Winnfield, LA, In Proper Person.
JONATHAN R. VINING, Baton Rouge, LA, Attorney for Defendant-Appellee James M. Leblanc, Secretary of Louisiana Dept. of Public Safety and Corrections.
Before: CARTER, C.J., GUIDRY, and PETTIGREW, JJ.
PETTIGREW, J.
In this case, petitioner, an inmate in the custody of the Department of Public Safety and Corrections ("DPSC"), sought judicial review of Administrative Remedy Procedure No. WNC-2008-1015 pursuant to La. R.S. 15:1177. Petitioner alleged that in three prior disciplinary hearings from May 2006 through March 2007, his good time had been improperly taken without authority by a private prison contractor in violation of the requirements of La. R.S. 39:1800.5. Citing this court's decision in Singleton v. Wilkinson, XXXX-XXXX (La. App. 1 Cir. 2/14/07), 959 So.2d 969, petitioner asserted that the actions of the private prison contractor were in violation of constitutional and statutory provisions and that he was entitled to immediate restoration of 305 days of good time credits.[1] Petitioner's request for administrative relief was rejected by DPSC based on a finding that the loss of good time was a disciplinary matter to be handled through the disciplinary appeals process. Following a de novo review of the record herein, including the traversal by petitioner and the Commissioner's Report, the trial court maintained the decision by DPSC, dismissing petitioner's suit with prejudice. This appeal followed.
After a thorough review of the record and relevant jurisprudence, we find no error of law or abuse of discretion by the trial court herein as petitioner failed to exhaust the disciplinary appellate process prior to initiating his review pursuant to La. R.S. 15:1177.[2] As noted by the Commissioner below, "To treat this claim as a viable appeal of the underlying issue of the validity of the good time losses would usurp the legislatively approved Rules of the Department, and would make the Disciplinary Rules and Appellate procedures superfluous and irrelevant." Accordingly, we affirm the trial court's judgment by summary disposition in accordance with Uniform Rules-Courts of Appeal, Rule 2-16.2A(5), (6), (7), and (8). Appeal costs are assessed against petitioner, Steven Abney.
AFFIRMED.
NOTES
[1] See also Armant v. Wilkerson, 2008-2287, p. 6 (La. App. 1 Cir. 5/8/09), 13 So.3d 621, 624-625 ("[W]hen private prison contractors impose sentences on inmates at disciplinary hearings, there must be oversight and approval by DPSC, `clearly delineated by the presence of a DPSC official's initials on each disciplinary report that is reviewed,' in order to satisfy the statutory provisions of La. R.S. 39:1800,5.") (citing Singleton, XXXX-XXXX at 5, 959 So.2d at 971).
[2] On appeal, petitioner admits that he failed to file disciplinary appeals in the individual cases below.