WHIPPLE, J.
 

 IgPlaintiff, Calvin Walker, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (“the Department”) housed at Winn Correctional Center (“WCC”), challenges a judgment of the district court dismissing his petition for judicial review. For the following reasons, we affirm.
 

 PROCEDURAL HISTORY
 

 On July 24, 2006, plaintiff filed an Administrative Remedy Procedure (“ARP”) seeking restoration of his “good time,” which had been forfeited in March 2001, July 2001, October 2001, and August 2003. In support, plaintiff relied on
 
 Singleton v. Wilkinson,
 
 2006-0637 (La.App. 1st Cir.2/14/07), 959 So.2d 969, where this court held that the Department’s “oversight and approval [was] required to validate [the WCC private company administrator’s] decision imposing forfeiture” of an inmate’s good time days pursuant to LSA-R.S. 39:1800.5.
 
 [1]
 

 Singleton v. Wilkinson,
 
 959 So.2d at 971.
 

 The administration rejected his. request, noting that forfeiture of good time matters are disciplinary matters that must be appealed through a Disciplinary Board Appeal and the disciplinary appeals process. Nonetheless, plaintiff filed a document styled “Disciplinary Board Appeal,” which he pursued through his ARP. In response to plaintiffs appeal, Tim Morgan, Deputy Warden at WCC, issued a letter to plaintiff, dated August 15, 2008, wherein he advised plaintiff that his “Disciplinary Board Appeal” was being returned to him due to ineligibility. |sMorgan explained therein that an inmate seeking to appeal a case to the Disciplinary Board must appeal
 
 *1240
 
 to the warden within 15 days of the hearing, and, since plaintiffs hearings were held on February 21, 2001, July 30, 2001, October 10, 2001, and August 5, 2003, the time limitations for filing a disciplinary appeal had expired.
 

 On October 23, 2008, plaintiff filed a petition for judicial review in the Nineteenth Judicial District Court, re-urging the request for relief set forth in his ARP. The Commissioner issued a report on August 17, 2009, noting that plaintiffs claim involved disciplinary decisions that resulted in the forfeiture of good time between 2001 and 2003. She further noted that his complaint was filed six years after three of the forfeitures and four years after the latest forfeiture, as an ordinary prison grievance in an ordinary ARP. The Commissioner found that the relief sought by plaintiff in these proceedings
 
 (ie.,
 
 review of the past losses of good time credits) had been available directly through the disciplinary appellate process at the time of the forfeitures, and that plaintiff had failed to avail himself of those appellate remedies. In affirming the administrative rejection of plaintiffs claims in this case, the Commissioner noted: (1) that due process had been satisfied herein by the disciplinary appellate rights afforded plaintiff after each good time loss pursuant to LSA-R.S. 15:1171 and 15:1177, and (2) that plaintiff was not entitled to initiate a later claim under ARP for additional relief on the same disciplinary decisions, which were subject to “promulgated disciplinary procedures, including appellate delays on each proceeding.”
 

 The Commissioner also distinguished the instant case from
 
 Singleton,
 
 noting that in
 
 Singleton,
 
 the administration had accepted and answered Singleton’s similar complaint asserted in an ARP proceeding, unlike here, where it was properly rejected. Moreover, while noting that the administrative rules referred to in LSA-R.S. 15:1171 allow the administration the discretion to Lconsider an out of time appeal of a disciplinary matter, the Commissioner further recognized that the rules also grant the administration the authority to reject the request if there are specialized administrative remedy procedures in place for the particular type of complaint.
 
 See
 
 La. Admin. Code, Title 22, Part 1, § 325. Accordingly, the Commissioner recommended that the rejection of the ARP be affirmed.
 

 On September 16, 2009, the district court rendered judgment adopting the Commissioner’s report and the reasons set forth therein, thereby affirming the administrative decision and dismissing plaintiffs appeal with prejudice at plaintiffs costs. Plaintiff then filed the instant appeal.
 

 DISCUSSION
 

 On appeal, plaintiff contends that the district court erred in dismissing his petition for judicial review and in affirming the rejection of his complaint. In addition to
 
 Singleton,
 
 plaintiff cites this court’s opinion in
 
 Armant v. Wilkerson,
 
 2008-2287 (La.App. 1st Cir.5/8/09), 13 So.3d 621, where he contends the plaintiff set forth a similar challenge to his good time forfeiture involving review of twelve disciplinary reports, going back some years, which was not rejected as in the instant case, but actually was heard through the ARP process.
 

 At the outset we note that, in
 
 Armant v. Wilkerson,
 
 the issue of the propriety of allowing “review of every disciplinary report ever issued to a particular inmate within one ... suit for judicial review” was noted, but not addressed. Instead, the issue was specifically pretermitted, given the absence of any objection (and the State’s specific acquiescence) to the inmate’s motion to expand the record and
 
 *1241
 
 pleadings, which the Commissioner had granted.
 
 See Armant v. Wilkerson,
 
 13 So.3d at 623, n. 2. Thus,
 
 Armant
 
 is not dispositive.
 

 | ¿Moreover, in the instant case, we note that LSA-R.S. 15:1171(B) requires disciplinary appellate exhaustion for complaints relating to “good time” computations in accord with the Department’s specific disciplinary rules, as follows:
 

 B. The department ... may also adopt, in accordance with the Administrative Procedure Act, administrative remedy procedures for receiving, hearing, and disposing of any and all complaints and gx-ievances by adult or juvenile offenders against the state, ... the department or any officials or employees thereof, the contractor operating a private prison facility or any of its employees, shareholders, directors, officers, or agents, or a sheriff, his deputies, or employees, which arise while an offender is within the custody or under the supervision of the department, a contractor operating a private prison facility, or a sheriff. Such complaints and grievances include but are not limited to any and all claims seeking monetary, injunctive, declaratory, or any other form of relief authorized by law and by way of illustration includes actions pertaining to conditions of confinement, personal injuries, medical malpractice, time computations, even though urged as a writ of habeas corpus, or challenges to rules, regulations, policies, or statutes. Such administrative procedures, when promulgated, shall provide the exclusive remedy available to the offender for complaints or grievances governed thereby insofar as federal law allows. All such procedures, including the adult and juvenile offender disciplinary process ... shall be deemed to be the exclusive remedy for complaints and grievances to which they apply insofar as federal law allows.
 

 (Footnote omitted; emphasis added.)
 

 Thus, we agree with the Commissioner that if dissatisfied with the forfeiture of his good time, plaintiff could have appealed the forfeiture of good time through the appellate process afforded therein and should have done so in the time frame available to him in each instance where it was lost.
 

 Moreover, the administrative procedure rules, specifically the screen-out provisions set foi'th in Title 22, Part 1, § 325(F)(1)(a), adopted in accordance with LSA-R.S. 15:1171 (B), recognize the Department’s authority to reject a complaint, involving a disciplinary matter asserted through ARP, where, as here, there are | ¿specialized ad-ministi’ative remedy procedures in place for the specific type of complaint.
 
 [2]
 

 Thus, on review, considering the authority afforded the Department, we find no error in the Department’s rejection of plaintiffs administrative request for reinstatement of good time forfeited in previous disciplináis proceedings, which clearly were subject to the Department’s promul
 
 *1242
 
 gated disciplinary procedures, including applicable appellate delays for each proceeding. Accordingly, we find no merit to his assignment of error.
 

 CONCLUSION
 

 After a thorough review of the record and relevant jurisprudence, we find no error of law or abuse of discretion by the district court herein, inasmuch as plaintiff failed to timely seek review of the sanctions imposed for his past disciplinary infractions and instead improperly initiated review pursuant to ARP.
 

 Accordingly, the September 16, 2009 judgment of the district court is affirmed. All costs associated with this appeal are assessed to the plaintiff/appellant, Calvin Walker.
 

 AFFIRMED.
 

 [1]
 

 . Louisiana Revised Statute 39:1800.5 provides, in part, as follows:
 

 No contract for correctional services shall authorize, allow, or imply a delegation of authority or responsibility to a prison contractor for any of the following:
 

 [[Image here]]
 

 (5) Granting, denying, or revoking sentence credits.
 

 [2]
 

 . Louisiana Administrative Code, Title 22, Part 1, § 325(F)(l)(a)(ii) provides, as follows:
 

 If a request is rejected, it must be for one of the following reasons, which shall be noted on Form ARP.
 

 [[Image here]]
 

 ii. There are specialized administrative remedy procedures in place for this specific type of complaint, such as:
 

 (a). disciplinary matters;
 

 (b). lost property claims.
 

 (Emphasis ours).