GUIDRY, J.,
dissenting.
[jAt issue in this appeal is not whether the Dillons were granted a jury trial, but whether they were entitled to a new jury. The opinion asserts that a party is entitled to a jury that continues to be qualified under the criteria required by law. As a preliminary matter, it is observed that on appeal, the appellants simply argued that they were prejudiced by the use of the same jury because of the jury’s knowledge of the evidence and arguments presented in the prior proceedings and the knowledge of some jurors regarding the settlements obtained following the previous trial. Nevertheless, the majority, sua sponte, raises the issue of the qualifications of the jurors as grounds for finding that the trial court erred in maintaining the same jury to decide the Dillons’ claims.
As for the merits of the majority’s determination, the cases and law cited all relate to when the jury is first impaneled; none relate to an already impaneled jury. The objectionable jury in this case consisted of twelve jurors and two alternates (Henry Millien and Eldriek Simon). Of the twelve, five, of the jurors indicated that they had heard or read about the case in the news. And one of the jurors had moved from the parish during the recess in the proceedings.
|2Louisiana Code of Civil Procedure article 1766(C) provides “[ajfter the entire jury has been accepted and sworn, no party has a right to challenge peremptorily.” Article 1767 further provides that “[a]l-though the entire jury may have been accepted and sworn, up to the beginning of the taking of evidence, a juror may be challenged for cause by either side or be excused by the court for cause or by consent of both sides, and the panel completed in the ordinary course.” (Emphasis added.)
In the present matter, the plaintiffs argue that they were entitled to challenge the entire jury for cause and have an entirely new jury impaneled. The voir dire conducted prior to the Dillons’ trial reveals that not all of the jurors were subject to being challenged for cause, and in fact, only one juror could actually be challenged for cause, and that was Michelle Dry, who had moved to Livingston Parish, and therefore, no longer resided in Ascension Parish. The remaining jurors acknowledged that they had heard news accounts regarding the case, but all were questioned by the trial court and unequivocally affirmed that they could render a fair and impartial decision. Such rehabilitation and acceptance of those jurors was well within the trial court’s discretion, and the majority’s contention herein that rehabilitated jurors are unfair and partial flies in the face of an entire body of civil and criminal jurisprudence holding otherwise. See e.g. La. C. Cr. P. art. 797(2); State v: Lindsey, 06-255, p. 3 (La.1/17/07), 948 So.2d 105, 107-08; Townes v. Liberty Mutual Insurance Company, 09-2110, p. 13 (La.App. 1st Cir.5/7/10), 41 So.3d 520, 530.
There are not many civil cases that address the issue of disqualification or dismissal of a juror once trial has commenced, which are the circumstances of this case. However, as observed by this court in Cavalier v. State, ex rel. Department of Transportation and Development, 08-0561, p. 11 (La.App. 1st Cir.9/12/08), 994 So.2d 635, 642-43, only nine jurors must concur to render a verdict in a jury | trial by twelve, unless the parties stipulate otherwise. La. C.C.P. art. 1797. In that case, the court held that the trial court did not err in choosing to proceed with a jury of 11, when one juror was not able to serve.
Moreover, in this matter, the plaintiffs objected to the jury utilized based on the *14 length of time that had elapsed between the general trial on causation and the secondary trial of the specific damages sustained by the Dillons. In essence, the trial court recessed the case until the time any subsequent cases were ready to be tried. Typically, absent a showing of prejudice, a trial court’s decision to grant a recess falls within the discretion granted the court. See State v. Johnson, 529 So.2d 466 (La.App. 1st Cir.1988), writ denied, 536 So.2d 1238 (La.1989).
Furthermore, La. C.C.P. art. 1562(B) states that “[i]f a defendant has been found liable by a jury, the court shall proceed with the trial on the remaining issues before the same jury unless all parties consent to a trial before a different jury.” (Emphasis added.) The majority negates the fact that the parties stipulated to using the same jury by holding that the defendants’ acquiescence to the trial court’s action of permitting the Dillons to “opt-out” of the settlement equated to them acknowledging and/or agreeing that as a result, the Dillons were not bound by the jury stipulation previously entered into by the parties in the mass joinder. The majority offers no authority for holding that by agreeing to allow the Dillons to opt out of the settlement and have their damages assessed separately and apart implied that the defendants further agreed that the Dillons would not be bound by the trial procedures agreed to by the parties in the mass joinder. Moreover, the fact that April and Matthew Dillon originally appeared in the suit in a represented capacity, but were later allowed to individually assert their claims on attaining the age of majority does not make them “new plaintiffs” to the litigation, as asserted by the majority. See Giroir v. South Louisiana Medical Center. Division of Hospitals, 475 So.2d 1040, 1044 (La.1985) (“Where a plaintiff only seeks to change the capacity |4in which the action is brought ... there is no change in the parties....”) and Rainey v. Entergy Gulf States, Inc., 01-2414, p. 14 (La.App. 1st Cir.6/25/04), 885 So.2d 1193, 1204(on rehearing), writs denied, 04-1878, 04-1883, 04-1884 (La.11/15/04), 887 So.2d 478-79 (“Ordinarily, when substitution of a party pursuant to La. C.C.P. arts. 801-807, or 821, is necessary, the lawsuit continues in the procedural posture existing at the time substitution became necessary.”).
It has been held that “a waiver of one’s right to a jury trial may not bind a plaintiff, even if it is signed by plaintiffs attorney, if plaintiff did not authorize the waiver.” Rainone v. Exxon Corporation, 93-2008, p. 8 (La.App. 1st Cir.1/13/95), 654 So.2d 707, 711, writ denied, 95-0337 (La.3/24/95), 655 So.2d 1340. However, it should be pointed out that the Dillons were granted a jury trial, so the issue is not whether they were denied a trial by jury, but the efficacy of the jury trial provided to them. The majority asserts that the Dillons were not afforded a fair and impartial jury, which assertion as previously explained, is not legally established by the record. Moreover, the Dillons had the burden of proving, not merely alleging through argument of counsel, that the stipulation was reached over their objection or entered into without their knowledge. See Campbell v. Davenport, 35,128, p. 9 (La.App.2d Cir.11/2/01), 799 So.2d 1220, 1226.
The jury that tried the case, as agreed to by counsel, was fully voir dired and sworn prior to their service in the McLeon trial, and they were further voir dired by the trial court utilizing a procedure to which the parties did not object, prior to the Dillons’ trial. See La. C.C.P. art. 1635; Armant v. Wilkerson, 08-2287, p. 4 n. 2 (La.App. 1st Cir.5/8/09), 13 So.3d 621, 623 n. 2 (“Failure to object deprives the district court ... of the opportunity to correct a contested ruling and constitutes *15 waiver of the issue on appeal.”). Thus, the majority errs when it raises the issue of the trial court not allowing counsel to conduct their own examination of the jurors in accordance with La. C.C.P. art. 1763.
| ¡¡Finally, although as previously stated I do not believe it was reversible error for the trial court to use the same jury to decide the Dillons’ claims, 1 further must disagree with the majority’s decision to remand this matter to the trial court for a new jury trial to correct the alleged error. Based on my review of the entire record in this matter and for the reasons recited above, I do not find that any structural error was committed in this matter that would require a remand of the case as opposed to this court exercising its authority of de novo review based on the complete record before us. See State v. Langley, 06-1041, p. 6 (La.5/22/07), 958 So.2d 1160, 1164; Alex v. Rayne Concrete Service, 05-1457, pp. 23-24 (La.1/26/07), 951 So.2d 138, 155-56; and Gonzales v. Xerox Corporation, 254 La. 182, 320 So.2d 163, 165 (1975).
For the for these reasons, I respectfully dissent.