GUIDRY, J.
Appellant, Albert Grayer, an inmate in the custody of the Department of Public Safety and Corrections (Department) and housed at Angola State Penitentiary, appeals from a judgment of the district court dismissing his appeal with prejudice. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
Following the issuance by the Department of a disciplinary report against Grayer for several rule violations on July 26, 2013, and a hearing before the disciplinary board at Elayn Hunt Correctional Center (Hunt Correctional Center)[1] on July 29, 2013, the Department imposed a penalty against Grayer of forfeiture of thirty days of good time and loss of twelve weeks of canteen privileges. Grayer appealed this disciplinary decision to the Warden of Hunt Correctional Center, who remanded the matter to the disciplinary board for a rehearing after a mental health evaluation of Grayer was performed. On September 13, 2013, the disciplinary board conducted a rehearing and upheld the original penalty of forfeiture of thirty days of good time and loss of twelve weeks of canteen privileges.
Thereafter, on February 25, 2014, Grayer filed a Request for Administrative Remedy (ARP), challenging the forfeiture of all his good time credits and asserting that sixty days of good time credit was reinstated on June 14, 2013, due to his mental health capacity, but that the Department had not yet restored this credit. In its first step response, the Department stated that following an investigation, it was determined that following a re-hearing on September 13, 2013, the original penalty that was imposed on July 29, 2013 was upheld and that there was no record of good time being reinstated on June 14, 2013. Thereafter, in a second step response, the Department stated that Grayer's concerns were adequately addressed by the first step response.
Grayer subsequently filed a supplement to his ARP, wherein he asserted that the *594 Department had failed to give him all of his jail credits that he is entitled to under docket number 17845. Thereafter, the Department issued an amended second step response, clarifying the issues raised by Grayer in his original ARP and finding with regard to his supplemental ARP, that Grayer is entitled to good time credits from February 3, 2010, until the date of sentence on docket numbers 18988, 19099, 19177, and 19718. However, the Department found that no jail credit was due on docket number 17845 because it was a consecutive sentence. The Department noted that Grayer's jail credit had been corrected as stated.
Thereafter, on October 23, 2014, Grayer filed a petition for judicial review in the Nineteenth Judicial District Court (Nineteenth JDC) contesting the Department's decision refusing to reinstate his good time credits. A Commissioner in the Nineteenth JDC subsequently issued a report finding that Grayer had failed to timely and directly appeal to the district court the forfeiture of his good time following exhaustion of the disciplinary appellate process. Furthermore, the Commissioner noted that failure to appeal the decision to the district court for review in compliance with the statutory exclusive remedy rule promulgated by the Department does not allow Grayer the luxury of later initiating a claim under an ARP for additional relief on the same disciplinary decision. Accordingly, the Commissioner found that the Department's decision to deny relief was not arbitrary or capricious or in any way violative of Grayer's rights and recommended that the decision be affirmed, as a rejection of the ARP would have been proper. Additionally, with regard to Grayer's supplement to his ARP, the Commissioner noted that the Department improperly allowed the issue contained therein to be part of the ARP proceeding, as it created a multi-issue claim, which is procedurally not allowed. However, because the issue was considered by the Department in the final step, the Commissioner reviewed the matter and noted that the issue was moot, as Grayer had received all jail credits owed to him pursuant to this complaint. As such, the Commissioner recommended that the Department's decision be affirmed and that the appeal be dismissed with prejudice.
Grayer traversed the Commissioner's recommendation. Following a de novo consideration of the record, the district court signed a judgment affirming the Department's decision and ordering that the appeal be dismissed with prejudice.
Grayer now appeals from the district court's judgment.
DISCUSSION
Louisiana Revised Statutes 15:1177(A)(9) sets forth the appropriate standard of review by the district court, which functions as an appellate court when reviewing the Department's administrative decisions. Specifically, the court may reverse or modify the administrative decision only if substantial rights of the appellant have been prejudiced because the administrative findings are: (1) in violation of constitutional or statutory law; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary, capricious, or characterized by an abuse of discretion; or (6) manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. La. R.S. 15:1177(A)(9) ; Lightfoot v. Stalder, 00-1120, p. 6 (La. App. 1st Cir. 6/22/01), 808 So.2d 710, 715-716, writ denied, 01-2295 (La. 8/30/02), 823 So.2d 957.
On review of the district court's judgment under La. R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to *595 factual findings or legal conclusions of the court of appeal. McCoy v. Stalder, 99-1747, p. 6 (La. App. 1st Cir. 9/22/00), 770 So.2d 447, 450-451.
At issue in the instant appeal is whether the district court erred in affirming the Department's decision to deny Grayer relief pursuant to his complaint that the Department failed to reinstate his good time. From our review of the entire record, we find no error in the district court's judgment. As detailed above, a penalty of forfeiture of thirty days of good time was imposed and subsequently upheld by the disciplinary board following a rehearing. There is no evidence in the record that any good time was re-instated by the disciplinary board, nor that Grayer appealed, timely or otherwise, the disciplinary board's decision following the re-hearing.[2]
Furthermore, with regard to Grayer's amended request for relief seeking jail credits for time served under docket number 17845, we likewise find no error in the district court's judgment. The Department acknowledged in its amended second step response that Grayer was entitled to jail credit from February 3, 2010, until his date of sentence on docket numbers 18988, 19099, 19177, and 19718, but that he was not due jail credit on docket number 17845 due to that sentence being consecutive. See La. C.Cr.P. art. 880(E). The Department also stated and the record evidences that Grayer's jail credit has been corrected, allowing the credit as stated. Accordingly, because Grayer received the jail credit to which he was legally entitled, this complaint is moot and we find no error in the district court's judgment.[3]
CONCLUSION
For the foregoing reasons, we affirm the judgment of the district court. All costs of this appeal are assessed to Albert Grayer.
AFFIRMED.
Crain, J. concurs

At the time of the disciplinary report and hearing, Grayer was housed at Hunt Correctional Center.

We note that the Department would have been correct to reject the ARP filed by Grayer pursuant to the LAC Title 22:1:3251(a)(ii), which allows the Department to reject an ARP when a specialized administrative remedy procedure is in place for the specific type of complaint, such as in this case, disciplinary matters. See Walker v. Louisiana Department of Corrections, 10-0057, pp. 5-6 (La. App. 1st Cir. 6/11/10), 40 So.3d 1238, 1241.

Again, we note that the Department would have been correct to reject the supplement to the ARP filed by Grayer as it raised multiple complaints in a single ARP. See Gibbs v. LeBlanc, 13-0454, p. 2 (La. App. 1st Cir. 11/1/13) (unpublished), 2013 WL 5916718, writ denied, 14-0376 (La. 10/24/14), 151 So.3d 596.