NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

OF APPEAL

FIRST CIRCUIT

2020 CA 1138

JASON SPIKES

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS

Judgment Rendered:     APR 1 6 2021

* * * * * *

On Appeal from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. 697164

Honorable Wilson E. Fields, Judge Presiding

* * * * * *

| | |
|---|---|
| Jason Spikes<br>Rayburn Correctional Center<br>Angie, LA | Plaintiff/Appellant<br>In Proper Person |
| Johnathan Vining<br>Baton Rouge, LA | Counsel for Defendant/Appellee<br>Louisiana Department of Public<br>Safety and Corrections |

* * * * * *

BEFORE: GUIDRY, McCLENDON, AND LANIER, JJ.

**McCLENDON, J.**

Jason Spikes, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (Department) housed at Rayburn Correctional Center (RCC), filed this suit for judicial review of multiple administrative remedy procedure (ARP) grievances.[1] On June 17, 2020, the commissioner issued a Multiple Claims Order, noting that an inmate is only entitled to seek judicial review of a single administrative record in any single lawsuit.[2] See **Lightfoot v. Stalder**, 97-2626 (La.App. 1 Cir. 12/28/98), 727 So.2d 553, 555. Accordingly, the commissioner ordered Mr. Spikes to notify the court which of the five ARPs he would like reviewed and to provide the court with a copy of the final agency decision in that record.[3] Mr. Spikes chose to proceed with RCC-2020-111. Mr. Spikes' ARP request RCC-2020-111 involved a request for information regarding a disciplinary action, which was rejected by the Department because disciplinary matters are not appealable through the ARP process.

Thereafter, the commissioner issued a screening report on August 13, 2020, finding that Mr. Spikes failed to exhaust the proper administrative process. The commissioner rejected Mr. Spikes' claim for administrative remedies as a disciplinary board appeal in disguise and, therefore, recommended that his claim for judicial review be dismissed without prejudice. On October 1, 2020, after *de novo* consideration of the administrative record, the district court signed a judgment adopting the reasons of the commissioner and dismissing Mr. Spikes' appeal without prejudice. From this judgment, Mr. Spikes appeals.

---

[1] Mr. Spikes sought judicial review of the following ARPs: RCC-2020-169; RCC-2019-632; RCC-2020-111; RCC-2019-689; and RCC-2020-125.

[2] The office of commissioner of the 19th Judicial District Court was created by LSA-R.S. 13:711 to hear and recommend disposition of criminal and civil appeals arising out of the incarceration of state prisoners. LSA-R.S. 13:713A. The commissioner's written findings and recommendations are submitted to a district court judge, who may accept, reject, or modify them. LSA-R.S. 13:713C(5); **Cox v. Louisiana Department of Public Safety and Corrections**, 19-1631 (La.App. 1 Cir. 8/3/20), 2020 WL 4436726 n.1 (unpublished).

[3] Mr. Spikes initially responded by stating that he wanted copies of all five records and then he would choose. The Department answered this request stating that it does not send copies of ARPs, as inmates are provided two copies when they receive their response.

2

Through the Corrections Administrative Remedy Procedure Act, LSA-R.S. 15:1171, *et seq.*, the prison systems were given authority to adopt procedures for offenders to produce evidence to substantiate their claims. **Harris v. Louisiana Department of Public Safety and Corrections**, 19-1657 (La.App. 1 Cir. 8/3/20), ___ So.3d ___, ___. In accordance therewith, the Department instituted the Administrative Remedy Procedure in all of its institutions for use by all offenders committed to the custody of the Department. See Louisiana Administrative Code, Title 22, Part 1, § 325(D).

Pertinent to this matter, the administrative remedy procedure rules, and specifically the screen-out provisions set forth in LAC 22:1.325(I)(1)(c)(i)(b)(i), recognize the Department's authority to reject a complaint, involving a disciplinary matter asserted through ARP, where there are specialized administrative remedy procedures in place for the specific type of complaint. See **Walker v. Louisiana Dept. of Corrections**, 10-0057 (La.App. 1 Cir. 6/11/10), 40 So.3d 1238, 1241. Particularly, LAC 22:1.325(I)(1)(c)(i)(b)(i) provides:

> I.     Grievance Screening.
>
> 1. The ARP screening officer shall screen all requests prior to assignment to the first step. The screening process should not unreasonably restrain the offender's opportunity to seek a remedy.
>
> * * *
>
> c. Rejected Requests
>
>> i.     If a request is rejected, it must be for one of the following reasons:
>>
>> * * *
>>
>> (b). There are specialized administrative remedy procedures in place for this specific type of complaint, such as:
>>
>> (i). disciplinary matters[.]

In this case, as noted by the commissioner, Mr. Spikes was attempting to circumvent the procedure provided for seeking review of disciplinary matters, seeking instead to bring his complaint through the ARP. See **Phillips v. LeBlanc**, 09-2279 (La.App. 1 Cir. 6/11/10), 2010 WL 2346217 (unpublished), writ denied,

10-1698 (La. 11/14/11), 75 So.3d 443. The ARP was not the appropriate channel for his complaint, and the district court did not err in dismissing his petition for judicial review.

Accordingly, the judgment of the district court dismissing Jason Spikes' petition for judicial review of RCC-2020-111 without prejudice is affirmed. Costs of this appeal are assessed to Jason Spikes.

**AFFIRMED.**