STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 0817

TROY D. GRIMES #308854

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

Judgment Rendered: **APR 2 6 2021**

* * * * * * *

APPEALED FROM THE NINETEENTH JUDICIAL DISTRICT COURT

IN AND FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

DOCKET NUMBER 678064, SECTION 24

HONORABLE DONALD R. JOHNSON, JUDGE

* * * * * * *

Troy D. Grimes
Cottonport, Louisiana

Plaintiff/Appellant
Pro Se

Jonathan R. Vining
Baton Rouge, Louisiana

Attorney for Defendant/Appellee
Louisiana Department of Public
Safety and Corrections

**BEFORE: McDONALD, HOLDRIDGE, and PENZATO, JJ.**

**McDonald, J.**

In this case an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DPSC), Troy D. Grimes, appeals a judgment of the trial court dismissing his petition for judicial review with prejudice. After review, we affirm.

**FACTS AND PROCEDURAL HISTORY**

On September 13, 2018, Mr. Grimes was put into investigative segregation, pending an investigation into accusations of a disciplinary infraction. During the investigation, two confidential informants stated that Mr. Grimes had possession of a cell phone that he used to arrange for drugs to be brought into the Raymond Laborde Correctional Center (RLCC) through various offenders during visitation. After the investigation was completed, the matter proceeded to a disciplinary hearing. Mr. Grimes was found guilty of general prohibited behavior, a violation of Rule 30C. Rule 30C prohibits "threatening, planning, conspiring or attempting to commit a violation of the rules of behavior for adult offenders or state and federal laws, aiding or abetting another offender involved in committing a violation of the rules or state and federal laws;[.]" LAC Title 22, Part 1, §341. For this violation, Mr. Grimes was sanctioned to 30 days of forfeiture of good time and loss of four weeks of yard privileges.

Mr. Grimes filed an appeal (number RLCC-2018-165) of the disciplinary board's decision with the Warden. The Warden denied the appeal. The Warden found that an investigation verified the accusation, and that Mr. Grimes presented no evidence other than denying the report as written. The Warden further found that the sanctions imposed were allowed and were warranted for the rule violation. Thereafter, Mr. Grimes filed an appeal with the Secretary of the DPSC. The appeal was denied.

2

Mr. Grimes then filed a petition for judicial review in the Nineteenth Judicial District Court. The Commissioner reviewed the case, determined that the penalty was authorized by the DPSC's promulgated rules for a Schedule B violation, and determined that Mr. Grimes failed to allege specific facts to show that his discipline was arbitrary, capricious, or in violation of a constitutional right.[1] The Commissioner recommended that the trial court affirm the decision and dismiss Mr. Grimes's appeal with prejudice. After a *de novo* review, the trial court adopted the reasons of the Commissioner as its own, affirmed the DPSC's decision, and dismissed the petition for judicial review with prejudice. Mr. Grimes has appealed that judgment.

### DISCUSSION

On appeal, Mr. Grimes maintains that prison officials prejudiced his substantial rights in forfeiting 30 days of his good time credit by not following procedural guidelines and not rendering adequate due process. Specifically, he maintains that the original disciplinary report did not contain information to satisfy the notice requirement; that he was entitled to present witness testimony; that he was entitled to copies of investigative and confidential informant reports; that disciplinary and investigative reports should have included the date, time, and place of the alleged offense; that the statements of two confidential informants did not provide sufficient evidence for the finding of guilt; that there was not sufficient evidence to find him guilty; and that he did not receive adequate due process.

Louisiana Revised Statutes 15:1177(A)(9) sets forth the appropriate standard of review by the district court, which functions as an appellate court when reviewing the Department's administrative decisions. Specifically, the court may reverse or

---

[1] The office of Commissioner of the Nineteenth Judicial District Court was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. La. R.S. 13:713(A). The Commissioner's written findings and recommendations are submitted to a district court judge, who may accept, reject, or modify them. See La. R.S. 13:713(C)(5).

modify the administrative decision only if substantial rights of the appellant have been prejudiced because the administrative findings are: (1) in violation of constitutional or statutory law; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary, capricious, or characterized by an abuse of discretion; or (6) manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. La. R.S. 15:1177(A)(9); **Lightfoot v. Stalder**, 2000-1120 (La. App. 1 Cir. 6/22/01), 808 So.2d 710, 715-716, writ denied, 2001-2295 (La. 8/30/02), 823 So.2d 957; **Grayer v. Louisiana Dept. of Public Safety and Corrections**, 2017-0497 (La. App. 1 Cir. 1/30/18), 242 So.3d 592, 594.

On review of the district court's judgment in a suit for judicial review under La. R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. **New v. Louisiana Dept. of Public Safety and Corrections**, 2015-1160 (La. App. 1 Cir. 2/24/16), 190 So.3d 345, 349.

The record shows that Mr. Grimes's signature is found on the original disciplinary report, confirming that he was advised of the charges against him at least 24 hours prior to the hearing. Mr. Grimes was given a hearing where he was advised of his rights, was represented by substitute counsel, was read the charges against him, was allowed to face and question his accuser, Lt. Col. Craig Laborde (who conducted the investigation into the charges), and was allowed to raise motions. His motion to present witnesses was denied, as it was determined the anticipated testimony would be repetitive.

Louisiana Administrative Code, Title 22, Part 1, §341(G)(4)(n), provides that:

> In situations where the disciplinary report is based on a single confidential informant, there must be other evidence to corroborate the violation. That evidence may include, but is not limited to, testimony

4

from another confidential informant, the record (investigative report) or other evidence. Whenever information is provided by confidential informants, the informant must be certified as having provided reliable information in the past (and have legitimate knowledge of the present incident(s)). If requested, the accusing employee must be summoned to testify about the reliability and credibility of the confidential informant(s) when the disciplinary report is based solely on information provided by confidential informants.

    i.    All confidential information used in the disciplinary process shall be documented on the confidential informant testimony and certification form.

Lt. Col. Laborde was questioned about the veracity of the confidential informants, and he testified regarding the reliability and credibility of the confidential informants, in accordance with LAC Title 22, Part 1, §341. The record contains the required CONFIDENTIAL INFORMANT TESTIMONY AND CERTIFICATION sheets signed by Lt. Col. Laborde. The record shows that a confidential informant notified Lt. Col. Laborde on September 24, 2018, that Mr. Grimes had a cellphone, stored it in his locker, and used it to arrange for drugs to be brought into RLCC. The second confidential informant notified Lt. Col. Laborde on September 25, 2018, that Mr. Grimes had a cellphone and allowed certain offenders to use it to get suboxone strips into RLCC. The informant stated that he asked to use Mr. Grimes's cellphone, and that he observed Mr. Grimes using the cellphone. While the record does not contain the exact date and time of the offenses charged, we note that to provide the exact date, time, and place of the offenses could give away the identity of the confidential informants.

## CONCLUSION

After thorough review, we find no error of law, and we cannot say that the administrative findings were arbitrary, capricious, characterized by an abuse of discretion, or manifestly erroneous in view of the reliable, probative, and substantial evidence on the record. See La. R.S. 15:1177(A)(9).

**DECREE**

For the foregoing reasons, the trial court judgment, dismissing the petition for judicial review with prejudice, is affirmed. Costs of the appeal are assessed against the appellant, Troy D. Grimes.

**AFFIRMED.**